UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MAX MEHIGHLOVESKY,

    Petitioner,

v.

IMMIGRATION COURT,

    Respondent.

Civil No. 12-0768 (RHK/JJG)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241. (Docket No. 1.) It appears that Petitioner is being held by federal immigration authorities, and he is seeking a writ of habeas corpus that would cause him to be released from federal custody. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

For the reasons discussed below, the Court finds that the claims presented in the current habeas corpus petition cannot be entertained in a federal district court action. The claims presented here can be entertained only in the Eighth Circuit Court of Appeals. The Court will therefore recommend that this case be transferred to the Court of Appeals.

**I.    BACKGROUND**

Petitioner is an inmate at the Sherburne County Jail in Elk River, Minnesota. Although Petitioner has not clearly explained why he is being detained, his petition is

accompanied by several exhibits that shed some light on the reason for his confinement. The exhibits show that Petitioner came to the United States from Russia in 1996. He overstayed his visa, so in November 2011, the Department of Homeland Security, ("DHS"), initiated removal proceedings against him. On January 3, 2012, an immigration judge upheld the charges against Petitioner, and entered a removal order against him. Petitioner filed a request for reconsideration, but that request was denied, and the removal order was reaffirmed on February 22, 2012. As far as the Court can tell, Petitioner is currently being detained by DHS pending the completion of his removal from the United States.

It clearly appears that Petitioner is presently attempting to challenge the validity of the removal order that has been entered against him. He seems to be contending that his removal order is invalid, because (a) he did not know that he had overstayed his visa, (b) he was illegally arrested by federal immigration authorities, (c) he was born in the United States, (d) he is not a citizen of the country to which he will be removed, (i.e., Russia), and (e) he should be granted asylum in the United States, because he fears being persecuted for his religious and political beliefs if the removal order is executed. Giving Petitioner's submissions the benefit of liberal construction, it appears that he is now seeking a writ of habeas corpus that would vacate his removal order, and, concomitantly, cause him to be immediately released from custody. However, this Court lacks jurisdiction over any legal challenge to the validity of Petitioner's removal order.

## II.     DISCUSSION

Since the enactment of REAL ID Act in 2005, "district courts no longer have habeas jurisdiction to review final orders of [removal]." Tostado v. Carlson, 481 F.3d 1012, 1014 (8th Cir. 2007). "Pursuant to § 106 of the REAL ID Act, [8 U.S.C. § 1252(a)(5)], a petition for review to the courts of appeal is the exclusive means of review of an administrative order of removal, deportation, or exclusion." Id.

The exclusive remedy rule of the REAL ID Act is clearly applicable here, because Petitioner is directly challenging the validity of his removal order. Petitioner claims that the removal order that has been entered against him is invalid, and he should therefore be released from custody. However, the REAL ID Act prohibits a federal district court from entertaining such claims in a habeas corpus proceeding, and mandates that such claims must be brought in the apposite federal circuit court.

The Eighth Circuit Court of Appeals has held that when an alien improperly attempts to challenge a removal order by filing a federal habeas corpus petition in district court, the case should be transferred to the Court of Appeals. Tostado, 481 F.3d at 1014. In fact, the Court of Appeals has explicitly decreed that "any habeas corpus petition pending in the district court in which an alien challenges a final administrative order of removal, deportation, or exclusion must be transferred by the district court to the appropriate court of appeals." Id. This directive must, of course, be followed here. Thus, the Court will recommend that Petitioner's current habeas corpus petition be construed to be a petition for review of his removal order, and that this case be immediately transferred to the Eighth Circuit Court of Appeals,

pursuant to the REAL ID Act and Tostado.

## III.     RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

This action be transferred to the Eighth Circuit Court of Appeals.


Dated: March 28, 2012               s/ *Jeanne J. Graham*
                                    JEANNE J. GRAHAM
                                    United States Magistrate Judge


## NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **April 12, 2012**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.